21 A.3d 1181

IN THE MATTER OF ITZCHAK E. KORNFELD, AN ATTORNEY AT LAW (ATTORNEY NO. 006261993).

July 14, 2011.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 10–439, concluding that as a matter of reciprocal discipline pursuant to *Rule* 1:20–14, **ITZCHAK E. KORNFELD** of **PHILADELPHIA, PENNSYLVANIA,** who was admitted to the bar of this State in 1993, should be suspended from the practice of law for a period of two years based on discipline imposed in the Commonwealth of Pennsylvania for conduct that in New Jersey violates *RPC* 1.3 (lack of diligence), *RPC* 3.4(a) (unlawfully obstructing another party's access to evidence or unlawfully altering, destroying or concealing a document having potential evidentiary value), *RPC* 3.4(b) (falsifying evidence), *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), and *RPC* 8.4(d) (conduct prejudicial to the administration of justice);

And the Disciplinary Review Board having concluded that the term of suspension should be retroactive to the order of suspension filed in Pennsylvania, and that respondent should not be reinstated to practice in New Jersey until he is reinstated in Pennsylvania;

And good cause appearing;

It is ORDERED that **ITZCHAK E. KORNFELD** is suspended from the practice of law for a period of two years, effective June 24, 2009, and until the further Order of the Court; and it is further

ORDERED that **ITZCHAK E. KORNFELD** shall not be reinstated to practice in New Jersey until he is reinstated to practice in Pennsylvania; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.